COX, CASTLE & NICHOLSON LLP
Edward F. Quigley (State Bar No. 175228)
Susan S. Davis (State Bar No. 125854)
2029 Century Park East, Suite 2100
Los Angeles, California 90067-3284
Telephone: (310) 284-2200
Facsimile: (310) 284-2100
Email: equigley@coxcastle.com;
sdavis@coxcastle.com

Attorneys for Defendants
Montalvo Associates, LLC and
Affordable Housing Access, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMTAX HOLDINGS 279, LLC, an Ohio limited liability company; and AMTAX HOLDINGS 123, LLC, an Ohio limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MONTALVO ASSOCIATES, LLC, a California limited liability company, and AFFORDABLE HOUSING ACCESS, INC., a California corporation,<br><br>Defendant. | Case No. 20CV2478 BEN AGS<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT (Corrected)**<br><br>Date:          February 22, 2021<br>Time:                  10:30 a.m.<br>Courtroom:                       5A<br>Judge:     Hon. Roger T. Benitez<br><br>Complaint Filed: December 21, 2020 |

075397\12173118v1

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT 20CV2478 BEN AGS

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

## CIVIL L.R. 7-1(f)(1) NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 22, 2021, at 10:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable Roger T. Benitez, in Courtroom 5A of the United States District Court for the Southern District of California, 221 West Broadway, San Diego, CA 92101, Defendants Montalvo Associates, LLC ("Montalvo") and Affordable Housing Access, Inc. ("AHA" and together with Montalvo, collectively "Defendants") will and hereby do move for an order dismissing, pursuant to the Court's inherent power, the Complaint filed by Plaintiffs AMTAX Holdings 279, LLC and AMTAX Holdings 123, LLC (collectively "Plaintiffs"), Dkt. 1, in its entirety.

By this Motion, Defendants request that the Court abstain from adjudicating the Complaint filed by Plaintiffs under the discretionary standard set out in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

**First**, this case does not require the Court to decide any federal law issues, only state law issues, and dismissing the case will allow the court to avoid deciding these state law issues.

**Second**, dismissing the case will serve the policy of discouraging forum shopping. AHA filed the two declaratory relief actions in the Superior Court of California for the County of Santa Clara on December 16, 2020. After learning about the Santa Clara actions, Plaintiffs filed this action on December 21, 2020, presumably in an attempt to gain a more favorable forum or a perceived advantage as the plaintiffs, rather than the defendants, in the litigation between the parties.

**Third**, dismissing this action favors judicial economy because the only causes of action are for declaratory relief, which can be fully adjudicated by the state court. Both the state declaratory relief actions and this action involve the same

primary parties,[1] are based on the same facts and raise the same issues as are already pending in state court. The property involved in the parties' dispute also is located in Santa Clara County in California, and the partnership agreements at issue were entered into and have been performed in Santa Clara County.

**Fourth**, Plaintiffs lack the capacity to bring this action because neither Plaintiff is registered to do business in California.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, Declaration of Susan S. Davis and Request for Judicial Notice, the pleadings and files in this action, and any other matter properly before the Court at the time of the hearing.[2]

DATED:   January 19, 2021                COX, CASTLE & NICHOLSON LLP

By:/s  Susan S. Davis
    Edward F. Quigley
    Susan S. Davis
    Attorneys for Defendants
    Montalvo Associates, LLC and
    Affordable Housing Access, Inc.

---

[1] Plaintiffs named AHA to Plaintiffs' Complaint; however, AHA is not a party to the state court actions. Plaintiffs acknowledge that AHA "delegated its rights and obligations under the Partnership Agreements to [Montalvo]." Complaint, ¶ 11.

[2] Corrected Notice of Motion and Motion to Dismiss, Declaration of Susan S. Davis and Request for Judicial Notice filed at court's request.

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................6
II. FACTUAL AND PROCEDURAL BACKGROUND .........................................9
III. AGRUMENT......................................................................................................11
   A.  The Court Has Discretion to Dismiss Declaratory Judgment Actions ..........11
   B.  The Court Will Needlessly Determine State Law Issues If It Adjudicates Plaintiffs' Claims...........................................................................................13
   C.  Abstention Will Discourage Forum Shopping...............................................14
   D.  Abstention Will Avoid Duplicative Litigation...............................................15
   E.  Plaintiffs Are Not Permitted to Bring this Action Because They Are Not Registered to Do Business in California. ......................................................16
IV. CONCLUSION ..................................................................................................16

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

075397\12173118v1

- 4 -

NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT 20CV2478 BEN
AGS

# TABLE OF AUTHORITIES

Page

**Cases**

*Brillhart v. Excess Ins. Co. of Am.*,
  316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) ............................. 2, 7, 12, 13
*Chamberlain v. Allstate Ins. Co.*,
  931 F.2d 1361 (9th Cir. 1991) ............................................................................. 8
*Colo. River Conservation Dist. v. United States*,
  424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) .................................. 12, 15
*Cont'l Cas. Co. v. Robsac Indus.*,
  947 F.2d 1367 (9th Cir.1991) ............................................................................ 14
*Gov't Emps. Ins. Co. v. Dizol*,
  133 F.3d 1220 (9th Cir. 1988) ........................................................................... 14
*Green v. Mansour*,
  474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985) ......................................... 12
*Hoffman v. Citibank (S.D.), N.A.*,
  546 F.3d 1078 (9th Cir. 2008) ....................................................................... 8, 13
*Int'l Ass'n of Entrepreneurs of Am. v. Angoff*,
  58 F.3d 1266 (8th Cir.1995) .............................................................................. 14
*Nedlloyd Lines B.V. v. Superior Court,*
  3 Cal. 4th 459 (1992) ..................................................................................... 8, 13
*Public Serv. Comm'n of Utah v. Wycoff Co., Inc.*,
  344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952) ............................................. 11
*R.R. Street & Co., Inc. v. Transport Ins. Co.,*
  656 F.3d 966 (9th Cir. 2011) .............................................................. 12, 14, 15
*Transamerica Occidental Life Ins. Co. v. Digregorio*,
  811 F.2d 1249 (9th Cir.1987) ............................................................................ 14
*Walnut Props., Inc. v. City of Whittier*,
  861 F.2d 1102 (9th Cir.1988) ............................................................................ 12
*Wilton v. Seven Falls Co.*,
  515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ............... 7, 11, 12, 15
*World Famous Drinking Emporium v. City of Tempe*,
  820 F.2d 1079 (9th Cir.1987 ............................................................................. 12

**Statutes**
28 U.S.C. § 2201(a) ................................................................................................ 13
28 U.S.C. § 2202 ....................................................................................................... 7
California Corporations Code § 17708.07 (a) ........................................................ 16

**Other Authorities**
Declaratory Judgment Act,
  28 U.S.C. § 2201 ......................................................................................... 11, 12
Internal Revenue Code Section 42 ......................................................................... 10
Internal Revenue Code Section 42(h)(6)(B) .......................................................... 10
Internal Revenue Code Section 42(i)(1) ................................................................. 10

**Rules**
Federal Rules of Civil Procedure Rule 17(b) ......................................................... 16

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

075397\12173118v1

- 5 -

NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT 20CV2478 BEN
AGS

# I.
# INTRODUCTION

Defendant Montalvo Associates, LLC ("Defendant") and Plaintiffs AMTAX Holding 279, LLC ("AMTAX 279") and AMTAX Holding 123, LLC ("AMTAX 123," and together with AMTAX 279, collectively "Plaintiffs") are members of two partnerships formed in 2002 to create affordable housing in San Jose, California. Complaint, ¶ 18. Each partnership developed and owns an apartment complex that provides affordable housing in San Jose, California. Complaint, ¶¶ 19, 20. The projects are operated in order to qualify for low-income housing tax credits as provided in Section 42 of the Internal Revenue Code. Complaint, ¶ 17 and Exs. A and B. The 15-year Tax Credit Compliance Period for one of the projects expired on December 31, 2019, and for the other project on December 31, 2020. Complaint, ¶ 28.

Section 7.4.J of the partnership agreements give Defendant the option to purchase Plaintiffs' interest in the real property owned by the partnerships for a 24-month period after the end of the Tax Credit Compliance Period for fair market value. Complaint, Ex. 1, p. 45 and Ex. 2, pp. 45-46. Section 7.4.K of the partnership agreements give Plaintiffs the option to request a sale of its interest in the partnerships' property subject to Defendant's option in Section 7.4.J of the partnership agreements. *Id.* Section 7.4.I of the partnership agreements includes language that Plaintiffs assert give it the right to force of sale of the Project, despite the clear right of the GP to purchase Plaintiffs' interest (as set forth in section 7.4.J). Complaint, Ex. A, p. 44 and Ex. B, p. 45. Defendant exercised its option under Section 7.4.J to purchase Plaintiffs' interests in the projects in July 2020. Complaint, ¶¶ 40, 41. Four months later on November 25, 2020, Plaintiffs purported to exercise their option under Section 7.4.I to try to force a sale of the properties. Complaint, ¶ 47.

1     Defendant filed two declaratory relief actions in the Superior Court for the
2 State of California in Santa Clara County (the "State Court") on December 16,
3 2020, seeking declarations that Defendant has the right to complete its buyout of
4 Plaintiffs' interests under Section 7.4.J of the Partnership Agreements and that
5 Plaintiffs are required to cooperate to complete the appraisal process and sell their
6 interests to Defendants at the Option Price determined pursuant to Section 7.4.J.
7 *See* Request for Judicial Notice ("RJN"), ¶¶ 1, 2 and Exs. 1 and 2, filed in support
8 of this Motion to Dismiss ("Motion"). Defendant's Complaints are based on the
9 same facts and contract issues as alleged in the Plaintiffs' Complaint. *Id.* On
10 December 18, 2020, Defendant provided courtesy copies of Defendant's complaints
11 to Plaintiffs' counsel and asked if Plaintiffs' counsel would accept service of the
12 complaints. *See* Declaration of Susan S. Davis ("Davis Decl.), ¶ 2 and Ex. 1, filed
13 in support of this Motion. In response, Plaintiffs' counsel filed a complaint for
14 declaratory relief in this court on December 21, 2020, presumably in an attempt to
15 find a more favorable forum or gain a perceived advantage as the plaintiffs, rather
16 than the defendants, in the litigation between the parties. *See* Davis Decl., ¶ 3 and
17 Ex. 2.
18     Defendant brings this Motion for dismissal of Plaintiffs' Complaint under the
19 Court's inherent discretion under 28 U.S.C. § 2202, based on *Brillhart* abstention
20 grounds. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S.Ct. 1173, 86
21 L.Ed. 1620 (1942); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct.
22 2137, 132 L.Ed.2d 214 (1995) (the Declaratory Judgment Act authorizes a district
23 court "in the sound exercise of its discretion, to stay or to dismiss an action seeking
24 declaratory judgment before trial"). Abstention under *Brillhart* is appropriate where
25 the entire case will be dismissed, thereby avoiding a federal decision on state law
26 issues, dismissal of the federal court action will allow the same issues to be litigated
27 in the state forum, forum shopping by the parties is deterred, and judicial economy
28

**LAW OFFICES OF**
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA

075397\12173118v1   - 7 -   NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT 20CV2478 BEN
AGS

is achieved. *See Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-1368 (9th Cir. 1991). All these purposes will be furthered in this case by granting Defendant's Motion.

The dismissal of this action will allow this Court to avoid deciding state law issues. The parties' disputes involve breach of contract claims to which California law applies as a matter of contract and law.  In Section 13.4 of the partnership agreements, the parties agreed that California law would apply to the construction and enforcement of the agreements.  Complaint, Ex. A, p. 68 and Ex. B, p. 67. In a diversity jurisdiction case, such as this case, the court applies the choice-of-law rules of the forum state to determine whether the parties' choice of law is enforceable. *Hoffman v. Citibank (S.D.), N.A.,* 546 F.3d 1078, 1082 (9th Cir. 2008). California law looks to whether California has a substantial relationship with the transaction or the parties. *Nedlloyd Lines B.V. v. Superior Court,* 3 Cal. 4th 459, 466 (1992). California has a substantial relationship with the transactions because the affordable housing projects at issue are located in Santa Clara County in California, and the partnership agreements were entered into and have been performed in Santa Clara County for the past nineteen years.  Neither action raises any federal law issues. Furthermore, judicial economy will be served because the only claims for relief alleged are declaratory relief and no other claims will remain for the court to adjudicate.

The filing of Plaintiffs' Complaint after receiving notice that Defendant had filed complaints covering the same dispute in state court plainly demonstrates that Plaintiffs were forum shopping. Davis Decl., ¶¶ 2-3. Both this action and the state court actions involve the same main parties,[3] the same facts and precisely the same state law legal issues regarding the interpretation of the parties' rights and

---

[3] Plaintiffs named AHA to Plaintiffs' Complaint; however, AHA is not a party to the state court actions. Plaintiffs acknowledge that AHA "delegated its rights and obligations under the Partnership Agreements to [Montalvo]." Complaint, ¶ 11.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

075397\12173118v1

- 8 -

NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT 20CV2478 BEN
AGS

obligations under their partnership agreements. Complaint, ¶¶ 4, 5, 58, 69. None of the parties has any connection to this forum and only state law issues are raised in the declaratory relief claims in the Complaint. The dismissal of this action will deter such forum shopping.

Finally, Plaintiffs lack the capacity to bring this action because neither Plaintiff is registered to do business in California.

For these reasons, Defendants respectfully request that the Court exercise its discretion to abstain from adjudicating this case and dismiss the action so that parties' disputes can be adjudicated in the pending cases in the State Court.

## II.
## FACTUAL AND PROCEDURAL BACKGROUND

AMTAX 279 is the Investor Limited Partner of Lucretia Avenue Partners, L.P. ("Lucretia"). Complaint, ¶ 1. Defendant is the Administrative General Partner of Lucretia. Complaint, ¶ 3. AMTAX 279 and Defendant entered into an Amended and Restated Agreement of Limited Partnership dated as of December 9, 2002 (as amended, the "Lucretia LPA"). Complaint, ¶ 30 and Ex. 1. Lucretia developed and owns an affordable housing development in San Jose, California, which is known as "Villa Solera" (the "Villa Solera Project"). Complaint, ¶¶ 1, 19.

AMTAX 123 is the Investor Limited Partner of Evens Lane Apartments, L.P. ("Evans Lane" and, together with Lucretia, collectively the "Partnerships"). Complaint ¶ 2. Defendant is the Administrative General Partner of Lucretia. Complaint, ¶ 2. AMTAX 123 and Defendant entered into an Amended and Restated Agreement of Limited Partnership dated as of October 1, 2002 (as amended, the "Evans Lane LPA", and together with the Lucretia LPA, collectively the "Partnership Agreements"). Complaint, ¶ 31 and Ex. B. Evans Lane developed and owns an affordable housing development in San Jose, California, which is known as "Las Ventanas" (the "Las Ventanas Project" and together with the Villa Solera Project, collectively the "Projects"). Complaint, ¶¶ 1, 20.

The Projects are operated in order to qualify for low-income housing tax credits as provided in Section 42 of the Internal Revenue Code. Complaint, ¶ 17. The 15-year Tax Credit Compliance Period for Lucretia expired on December 31, 2019, and for the Las Ventanas on December 31, 2020. Complaint, ¶ 28.

The Partnership Agreements are substantially identical in all material respects. Complaint, ¶ 32. Sections 7.4.J and 7.4.K of the Partnership Agreements give Defendant or Plaintiffs the option to compel a sale of Plaintiffs' interests in the Projects during a 24-month period starting at the end of the 15-year Tax Credit Compliance Period. Complaint, ¶ 37; Ex. A, p. 50; Ex. B, pp. 45-46. Plaintiffs' option in Section 7.4.K is subject to Defendant's option in Section 7.4.J. Complaint, Ex. A, p. 45; Ex. B, p. 45-46. Defendant exercised its option to purchase Plaintiffs' interests under Section 7.4.J of both Partnership Agreements in July 2020. Complaint, ¶¶ 40, 41.

Section 7.4.I of the Partnership Agreements provide that:

> "If requested to do so by the Investor Limited Partner at any time after completion of the fourteenth year of the compliance period (as defined in Section 42(i)(1) of the Code), the General Partner shall submit a written request to the Credit Agency to find a Person to acquire the Partnership's interest in the low-income portion of the Project and/or take such other action permitted or required by the Code as the Investor Limited Partner may reasonably request to effect a sale of the Project or to terminate the extended use commitment of Section 42(h)(6)(B) of the Code to the extent such action is not violative of any restrictive covenants applicable to the Project."

Complaint, Ex. A, p. 44 and Ex. B, p. 45.

On November 25, 2020, four months after Defendant exercised its option to purchase Plaintiffs' interests, Plaintiffs claimed that they had a right under Section 7.4.I to try to force a sale of the Projects and to ignore Defendant's right to buy Plaintiffs' interests under Section 7.4.J. Complaint, ¶ 47. A dispute arose between Plaintiffs and Defendant regarding whether Defendant is entitled to purchase

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

075397\12173118v1

- 10 -

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT 20CV2478 BEN AGS

Plaintiffs' interests or the Projects should be sold, which dispute is the basis for the declaratory relief claims in Defendants' complaints and this Complaint. Complaint, ¶¶ 63, 74 and Prayer for Relief; RJN, Exs. 1 and 2.

On December 16, 2020, Defendant filed its Complaints seeking declarations that Defendant has the right to complete its buyout of Plaintiffs' interest under Section 7.4.J of the Partnership Agreements and that Plaintiffs are required to cooperate to complete the appraisal process and sell their interests to Defendant at the Option Price determined pursuant to Section 7.4.J. RJN, Exs. 1 and 2. On December 18, 2020, Defendant's counsel sent copies of the Complaints to Plaintiffs' counsel and asked if Plaintiff's counsel was authorized to accept service of process. Davis Decl., ¶ 2 and Ex. 1.

Plaintiff's counsel did not respond to this email until December 21, 2020, when he sent copies of Plaintiff's Complaint filed in this Court earlier that day and demanded that Defendant dismiss its earlier-filed Complaints. Davis Decl., ¶ 3 and Ex. 2.

### III.
### AGRUMENT

**A.    The Court Has Discretion to Dismiss Declaratory Judgment Actions**

The Declaratory Judgment Act, 28 U.S.C. § 2201, confers on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. Section 2201 provides that a court "***may*** declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a) (emphasis added). The U.S. Supreme Court has repeatedly characterized the Declaratory Judgment Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. at 286-287; *Public Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952) (the Declaratory Judgment Act of

1934, at 28 U.S.C. § 2201, is "an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant"); *see also Green v. Mansour*, 474 U.S. 64, 72, 106 S.Ct. 423, 428, 88 L.Ed.2d 371 (1985) ("the propriety of issuing declaratory judgment may depend on equitable considerations").

Federal abstention doctrines are an exception to the general rule that, "[a]bsent significant countervailing interests, the federal courts are obligated to exercise their jurisdiction." *Walnut Props., Inc. v. City of Whittier*, 861 F.2d 1102, 1106 (9th Cir.1988) (quoting *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)). While "the pendency of an action in state court is no bar to proceedings concerning the same matter" in a federal court, there are numerous instances in which the existence of a parallel state court proceeding does justify a court in declining to exercise its subject matter jurisdiction. *Colo. River Conservation Dist. v. United States*, 424 U.S. 800, 813–17, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). These instances are embodied in the abstention doctrines. *See id.*

Most relevant to this case is the *Brillhart* abstention doctrine which provides that a district court has broad discretion to stay or dismiss declaratory judgment actions if doing so would advance the concerns of judicial economy and federalism. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. at 494-95; *see also R.R. Street & Co., Inc. v. Transport Ins. Co.,* 656 F.3d 966, 975 (9th Cir. 2011) ("a district court may decline to entertain a federal declaratory judgment action when state court proceedings 'present … opportunity for ventilation of the same state law issues' ") (quoting *Wilton v. Seven Falls Co,* 515 U.S. at 290). Under the *Brillhart* doctrine, district courts consider the following three primary factors when evaluating whether to abstain from hearing a case: (i) avoiding needless determination of state law issues, (2) discouraging forum shopping, and (3) avoiding duplicative litigation. *R.R. Street & Co., Inc. v. Transport Ins. Co.,* 656 F.3d at 966.

The only claims alleged in the Complaint are two claims for declaratory relief. Thus, the Court has discretion under 28 U.S.C. § 2201(a) to dismiss the Complaint, and the three *Brillhart* factors support dismissal of this case to allow the state court cases to proceed.

### B. The Court Will Needlessly Determine State Law Issues If It Adjudicates Plaintiffs' Claims.

Abstention is warranted because the parties' claims in both actions are based on alleged breach of contract claims, which will be decided by California law, not federal law. Section 13.4 of the Partnership Agreements provide that they "shall" be construed according to the internal laws of the State of California. Complaint, Ex. A, p. 68, and Ex. B, p. 67. This choice of law provision is enforceable and applies to the parties' disputes.

Because this action was brought in federal court in California on the basis of diversity jurisdiction, California choice-of-law rules apply. *Hoffman v. Citibank (S.D.), N.A.,* 546 F.3d 1078, 1082 (9th Cir. 2008) (a federal court sitting in diversity applies the choice of law rules of the forum state). Where a contract includes a choice-of-law provision, the court must first determine: "(1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law." *Nedlloyd Lines B.V. v. Superior Court,* 3 Cal.4th 459, 466 (1992). California has a substantial relationship to the transaction action at issue because the Partnership Agreements have been performed in California since 2002 and the projects at issue provide affordable housing in California. Therefore, the choice of law provision is enforceable and California law applies to the parties' dispute.

"District courts appropriately avoid determining state law when state and federal cases raise the same 'precise state law issues,' state law provides the rule of decision, and the federal case involves an area of law expressly left to the states."

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

075397\12173118v1

- 13 -

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT 20CV2478 BEN AGS

*Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir.1991), *overruled in part on other grounds by Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1988). Moreover, abstention is appropriate when no compelling federal interests are at stake. *Transamerica Occidental Life Ins. Co. v. Digregorio*, 811 F.2d 1249, 1255 (9th Cir.1987). No compelling federal interests are at stake in this action, and therefore, abstention is appropriate.

### C. Abstention Will Discourage Forum Shopping.

Federal courts also decline jurisdiction over actions for declaratory relief to discourage forum shopping. *R.R. St. & Co. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011). The Declaratory Judgment Act was not intended to expand federal jurisdiction to bring claims in federal court that are more properly raised in state court. *Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1270 (8th Cir.1995). "For this reason, federal courts refuse to entertain reactive declaratory actions filed solely to gain a tactical advantage." *Government Employees Insurance Company v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998); *see also Continental Cas. Co. v. Robsac Indus.*, 947 F.2d at 1371-72 (holding that the "defensive or reactive" nature of an insurer's declaratory judgment action, which was filed in federal court while a state court action presenting the same issues of state law was pending, was filed merely to obtain a tactical advantage and warranted dismissal). If parallel state proceedings involving the same issues and parties are pending when the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. *Government Employees Insurance Company*, 133 F.3d at 1225.

Plaintiffs were unquestionably forum shopping when they filed the Complaint in this action. The reactive nature of Plaintiffs' Complaint is established by the fact that it was filed five days after Defendant filed its Complaints in the state court and three days after Defendant's counsel provided courtesy copies of Defendant's Complaints to Plaintiffs' counsel. Davis Dec., ¶ 2 and Ex. 1. Plaintiffs'

counsel's delay in responding until after Plaintiffs filed their Complaint in this Court further demonstrates the tactical nature of this action. Additionally, both actions involve the same main parties, the same facts, the same legal issues and request similar relief, albeit with Defendant requesting a judgment in its favor in its Complaints and Plaintiffs requesting a judgment in their favor in their Complaint.

The reactive timing of Plaintiffs' Complaint days after learning of Defendant's Complaints, as well as the overwhelmingly similar factual allegations and legal issues in the two actions, establish that this case was filed for the sole purpose of gaining a tactical advantage. In order to discourage this type of blatant forum shopping, this case should be dismissed.

### D. Abstention Will Avoid Duplicative Litigation.

Generally, a pending action in state court does not bar proceedings concerning the same matter in federal court. *Colo. Riv. Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In assessing declaratory judgment actions; however, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. at 288. For example, if the district court is retaining a claim for damages, the district could should retain similar claims for declaratory relief to avoid piecemeal litigation. *R.R. St. & Co., Inc.*, 656 F.3d at 977. That concern is not present here.

Plaintiffs have asserted only two claims in this action, both of which are for declaratory relief. Plaintiffs have not asserted any claim for damages. Therefore, dismissing the declaratory relief claims will not result in piecemeal litigation because all the claims will be dismissed to be decided by the state court. Accordingly, the interests of judicial economy weigh strongly in favor of abstention.

### E. Plaintiffs Are Not Permitted to Bring this Action Because They Are Not Registered to Do Business in California.

Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity of a party (other than an individual or corporation) to sue is determined by the laws of the state where the court is located unless the entity is suing to enforce a right under the U.S. Constitution or laws. California Corporations Code § 17708.07 (a) provides that "A foreign limited liability company transacting intrastate business in this state shall not maintain an action or proceeding in this state unless it has a certificate of registration to transact intrastate business in this state."

Plaintiffs are both Ohio limited liabilities companies. Complaint, ¶¶ 8-9. According to a business search of the California Secretary of State website, neither of the Plaintiffs are or have ever been registered to do business in California. Davis Decl., ¶¶ 4-5 and Ex. 3. Therefore, Plaintiffs are not permitted to bring a lawsuit in California, which provides an additional basis for dismissing Plaintiffs' Complaint.

## IV.
## CONCLUSION

For the foregoing reasons, Defendants Montalvo Associates, LLC and Affordable Housing Access, Inc. request that the Court abstain from adjudicating Plaintiffs' Complaint and dismiss the Complaint in its entirety.

DATED: January 19, 2021                COX, CASTLE & NICHOLSON LLP


By:*/s Susan S. Davis*
Edward F. Quigley
Susan S. Davis
Attorneys for Defendants
Montalvo Associates, LLC and
Affordable Housing Access, Inc.