UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMTAX HOLDINGS 279, LLC, an Ohio limited liability company; and AMTAX HOLDINGS 123, LLC, an Ohio limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MONTALVO ASSOCIATES, LLC, a California limited liability company; and AFFORDABLE HOUSING ACCESS, INC., a California corporation,<br><br>Defendants. | Case No.: 3:20-cv-02478-BEN-AGS<br><br>**ORDER DENYING MOTION TO DISMISS PURSUANT TO *BRILLHART* ABSTENTION**<br><br>**[ECF No. 8]** |

AMTAX Holdings 279, LLC ("AMTAX 279") and AMTAX Holdings 123, LLC ("AMTAX 123," and, collectively with AMTAX 279, "Plaintiffs") are suing Montalvo Associates, LLC ("Montalvo") and Affordable Housing Access, Inc. ("AHA," and, collectively with Montalvo, "Defendants") for declaratory judgment concerning Plaintiffs' rights in two affordable housing developments in San Jose, California. *See generally*, Compl., ECF No. 1. Defendants filed a Motion to Dismiss pursuant to *Brillhart* abstention doctrine, arguing (1) the Court should avoid deciding state law issues; (2) Plaintiffs are forum shopping; and (3) Plaintiffs lack capacity to bring suit. Mot., ECF No. 8, 8. As set forth below, the motion is **DENIED**.

1

## I.  BACKGROUND[1]

In 2002, Plaintiffs and Defendants formed two partnerships to generate low-income housing tax credits for affordable housing developments the Parties constructed in San Jose, California. Compl., ¶¶ 18-20. The Parties' "Lucretia" partnership developed and owns the Villa Solera Project, a 100-unit apartment complex, and the Parties' "Evans Lane" partnership developed and owns the Las Ventanas Project, a 239-unit apartment complex. *Id*. The terms of the partnership agreements for both projects are substantially identical in areas applicable to this case. *Id*. at ¶ 32. Plaintiffs, the Limited Investor Partners in these arrangements, contributed almost all of the $20 million in total capital needed for the developments. *Id*. at ¶¶ 25-26. Defendant AHA is the General Managing Partner for both partnerships but has largely delegated its rights and obligations to Defendant Montalvo. Defendant Montalvo, as Administrative General Partner, exerts control over the partnerships and earns fees in exchange for its services. *Id*. at ¶¶ 27.

Housing developments like Villa Solera and Las Ventanas can qualify for tax credits and deductions in exchange for keeping those developments "affordable" for fifteen years. Compl., ¶ 15-17 (citing 26 U.S.C. § 42). Often, as is the case here, an investor partner will furnish the capital for development in exchange for most of the tax credits. *Id*. at ¶ 16. The general partner contributes very little capital but earns a developer fee as well as operating fees for its ongoing work at the development. *Id*.

This dispute arises because the fifteen-year compliance periods have come to an end, triggering three provisions in the Parties' partnership agreements that deal with the possible sale of the properties. Compl., ¶¶ 32-37. Plaintiffs argue the partnership agreements entitle them to a sale of their interests at market value, while Defendants argue they have an option to purchase Plaintiffs' interests in the partnerships before those

---

[1]  The following overview of the facts is drawn from Plaintiffs' Complaint, ECF No. 1, which the Court assumes true in analyzing Defendants' Motion to Dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not making factual findings.

interests are offered for sale on the open market. *Id*. at ¶¶ 37-42.  Importantly, the partnership agreements also contain a forum selection clause stating "[e]ach partner irrevocably . . . [a]grees that any suit, action or other legal proceeding arising out of this [a]greement . . . shall be brought in the courts of record of Los Angeles County of the State of California or the courts of the United States located in the Southern District of California." *Id*. at Ex. A, Section 13.D.

Beginning in late 2019, the Parties attempted to negotiate a resolution to their dispute over selling the developments.  Compl., ¶ 39.  However, negotiations between the Parties broke down, and on December 16, 2020, Defendant Montalvo filed two lawsuits against Plaintiffs in the Santa Clara County Superior Court, seeking declaratory relief and determinations on the Parties' rights and obligations. *Id*. at ¶ 50.  Five days later, Plaintiffs filed this suit seeking declaratory judgment that they have the right to force a sale of their interests on the open market through a mutually acceptable broker. *Id*. at ¶¶ 61, 72.  At the same time, Plaintiffs removed the state court cases to the United States District Court for the Northern District of California and have since filed motions to dismiss those actions, or in the alternative, transfer venue to this District.  Opp'n, ECF No. 13, 4.  Those motions have not yet been fully briefed or argued. *Id*.

## II.   LEGAL STANDARD

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).  However, the district court "posses[es] discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

When considering exercising jurisdiction under the Declaratory Judgment Act, "a district court should consider avoiding (1) needless determinations of state law issues; (2) suits filed by litigants as a means of forum shopping; and (3) duplicative litigation."

3

*Avila v. Chiquita Fresh N. Am., LLC*, Case No. 11-cv-2863-AJB-MDD, 2012 WL 12875863, at *8 (Sep. 24, 2012) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 *and Gov't Emples. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998)). A court may also consider whether the action (1) "will settle all aspects of the controversy"; (2) "will serve a useful purpose in clarifying the legal relations at issue"; or (3) "is being sought merely for the purposes of procedural fencing or to obtain a '*res judicata*' advantage." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005).

### III. ANALYSIS

Here, Defendants argue the Court should abstain from deciding this case pursuant to *Brillhart*'s discretionary standard set forth by the Supreme Court. Mot., ECF No. 8, 2 (citing 316 U.S. 491 (1942)). Defendants further argue Plaintiffs are engaging in forum shopping and lack capacity to bring this lawsuit. *Id*. at 2-3. Plaintiffs oppose the motion, citing the forum selection clauses in the Parties' partnership agreements as evidence that this Court is the proper place to adjudicate their dispute. Opp'n, ECF No. 13, 1. Plaintiffs also attest they have cured any capacity to sue issues raised in the motion. *Id*. at 14-15. The Court addresses these arguments in turn.

As a preliminary matter, Plaintiffs assert, and Defendants do not contest, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of costs and interest. Compl., ¶ 12. Having examined the Complaint and the Parties' briefs, the Court is satisfied it has diversity jurisdiction over this case.

When a district court sits in diversity jurisdiction, federal law applies to the interpretation of forum selection clauses. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988); *see also Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) ("We apply federal law to the interpretation of the forum selection clause."). This approach requires contract terms "to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th

4

Cir. 1999). The Court presumes "every provision was intended to accomplish some purpose, and that none are . . . superfluous." *Chaly-Garcia v. United States*, 508 F.3d 1201, 1204 (9th Cir. 2007) (internal quotations omitted). "Preference must be given to reasonable interpretations as opposed to those that are unreasonable, or that would make the contract illusory. *Id*. A forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

The forum selection clause in the partnership agreements provides in part: "[e]ach partner irrevocably . . . [a]grees that any suit, action or other legal proceeding arising out of this [a]greement . . . shall be brought in the courts of record of Los Angeles County of the State of California or the courts of the United States located in the Southern District of California." Compl., Ex. A, Section 13.D. Plaintiffs argue the forum selection clause is valid and should be enforced. The Court agrees.

First, the Court finds no ambiguity in the language at issue. The forum selection clause provides that a suit arising out of these agreements should be brought either in (1) state court in Los Angeles County or (2) in federal court in the Southern District of California. Compl., Ex. A, Section 13.D. While the two selected forums do not overlap geographically, neither party argues mistake or any other defense to enforcement of this portion of the agreement. Assessing the ordinary meaning of the terms in this clause, it is clear the Parties intended for disputes to be adjudicated in one of two forums: either this Court or the Los Angeles County Superior Court.

Second, Defendants' arguments that this Court is an inconvenient forum are unpersuasive. *See* Reply, ECF No. 14, 9. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient." *Atl. Marine Const. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 64 (2013). Here, Defendants accepted the forum selection clause when the Parties entered into the partnership agreements. Accordingly, Defendants waived the inconvenience objections they now assert while asking the Court to abstain from deciding this case.

Third, Defendants have not shown enforcement of the forum selection clause would be unreasonable. A forum may be unreasonable and unenforceable "if the chosen forum is seriously inconvenient for the trial of the action." *The Bremen*, 407 U.S. at 16. While the Parties, counsel, and the properties at issue have various connections to different parts of the State of California, Defendants have not shown that trial of this action would be "seriously inconvenient" to all concerned. *Id*. In short, the Court finds the Parties' agreed-upon forum selection clause was "intended to accomplish some purpose" in their partnership agreements, and appropriately enforces it here. *Chaly-Garcia*, 508 F.3d at 1204.

Despite the valid forum selection clause, Defendants argue the Court should nonetheless abstain from deciding and dismiss Plaintiffs' Complaint pursuant to the Supreme Court's decision in *Brillhart*. Mot., 12-15. Pursuant to *Brillhart*, when deciding to exercise jurisdiction under the Declaratory Judgment Act, "a district court should consider factors which include avoiding (1) needless determinations of state law issues; (2) suits filed by litigants as a means of forum shopping; and (3) duplicative litigation." *Avila*, 2012 WL 12875863, at *8 (citing *Brillhart*, 316 U.S. at 495 *and Gov't Emples. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998)). Courts also consider first, "whether the declaratory action will settle all aspects of the controversy," second, if it will "serve a useful purpose in clarifying the legal relations at issue," and third, if the case "is being sought merely for the purposes of procedural fencing or to obtain a '*res judicata*' advantage." *Principal Life Ins. Co.*, 394 F.3d at 672. Applying these factors, Defendants argue the Court should dismiss the Complaint. The Court disagrees.

First, this matter does not involve needless determinations of state law issues. This case involves relatively straightforward contractual interpretation, something this Court is well-suited to do. *See Hanover Ins. Co. v. Paul M. Zagaris, Inc.*, No. C 16-01099 WHA, 2016 WL 3443387, at *4 (N.D. Cal. Jun. 23, 2016) (denying *Brillhart* abstention motion where the state law issues were not "particularly complex or novel"). Second, though there appears to be very little case law addressing *Brillhart* abstention in contract cases

where the applicable agreement has a forum selection clause, the Court finds that Plaintiffs' decision to file suit here in part to enforce the benefit of that forum selection clause is not "forum shopping." Instead, it is a reasonable method of ensuring the plaintiff receives the benefit of its forum selection clause bargain. Third, the general presumption in duplicative litigation cases that the entire suit should be heard in the original forum does not apply here. *See Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991). This is because "[i]t is improper for a party to invoke the first filed doctrine in the face of a clearly articulated forum selection clause in a contract." *Kiland v. Boston Sci. Corp.*, Case No. C10-4105-SBA, 2011 WL 1261130, at *7 (N.D. Cal. Apr. 1, 2011) (*quoting Megadance USA Corp. v. Kristine Knipp,* 623 F. Supp. 2d 146, 149 (D. Mass. 2009)). Allowing Defendants to flout the forum selection clause in the partnership agreements simply by winning the race to the courthouse would encourage forum shopping and decrease contractual predictability. Accordingly, each of the *Brillhart* factors weighs against dismissal here.

Defendants' remaining arguments are not enough to change this result. First, the Court rejects Defendants' speculative contention that they will successfully argue for remand of the two other ongoing lawsuits. Reply, 5-6. Second, Plaintiffs appear to have cured their registration deficiency, which does not affect Plaintiffs' standing to file this suit. *See Kearny Mesa Real Estate Holdings, LLC v. KTA Constr., Inc.*, Case No. 17-cv-207-WQH-MDD, 2017 WL 3537753, at *3 (S.D. Cal. Aug. 16, 2017) (courts routinely hold that registration deficiencies do not equate to lack of standing). Accordingly, this action is allowed to proceed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

Dated: March 1, 2021

_____
HON. ROGER T. BENITEZ
United States District Judge